```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

JACINTH J. ELLIS,              :   Civil Action No. 06-0750(NLH)
                               :
        Plaintiff,             :
                               :
     v.                        :   **OPINION**
                               :
ERVIN R. BRADBECK, JR.         :
and COVAN WORLD-WIDE           :
MOVING, INC.,                  :
                               :
        Defendants.            :

**APPEARANCES:**

Richard Delvacchio, Esquire
Levinson, Axelrod, Wheaton, Grayzel,
Caulfield, Marcolus & Dunn
124 Route 31
Flemington, NJ 08822

   *Attorney for Plaintiff*

Jeffrey A. Segal, Esquire
Rawle & Henderson, LLP
40 Lake Center Executive Park
401 Route 73 North
Suite 200
Marlton, NJ 08053

   *Attorney for Defendants*

**HILLMAN**, District Judge

Defendants, Covan World-Wide Moving, Inc. and its employee Ervin R. Bradbeck, Jr., removed from New Jersey Superior Court, Burlington County, Law Division, Plaintiff Jacinth Ellis's Complaint against them for damages arising out of a motor vehicle accident. Plaintiff now moves for remand of her action, arguing that this Court lacks subject matter jurisdiction because the amount in controversy requirement of 28 U.S.C. § 1332 is not

met.[1]

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441.  Section 1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored.  Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). This policy "'has always been rigorously enforced by the courts.'"  Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).  Parties may not confer subject matter jurisdiction by consent, Samuel-Bassett, 357 F.3d at 396, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded,"  28 U.S.C. § 1441(c).

In diversity suits, the requirement of an amount in controversy exceeding $75,000 applies to removed cases as well as to litigation filed originally in the federal court.  To determine whether a removed case meets the amount in controversy requirement, when the relevant facts are not in dispute, a court must apply the "legal certainty" test.  Samuel-Bassett, 357 F.3d at 398.  The Supreme Court explained that "the rule for determining whether the case involves the requisite amount [is] whether 'from the face of the pleadings, it is apparent, to a

---

[1]It is undisputed that the parties have complete diversity.

legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount.'"  Id. at 397 (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289(1938)).  If not, the suit must be dismissed.  Id.

 As mandated by state court rule, Plaintiff's Complaint does not demand a specific amount of damages.  When a complaint does not demand a precise damage amount, the amount in controversy is measured by "a reasonable reading of the value of the rights being litigated," and the Court must make an independent appraisal of the value of the claim.  Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) (citations omitted).  Despite the Court's independent appraisal, however, the party asserting jurisdiction bears the heavy burden of showing that the case is properly before the federal court.  Samuel-Bassett, 357 F.3d at 396.

Defendants have filed a stipulation admitting negligence.  Thus, because the relevant facts are not in dispute, it is Defendants' burden to prove to a legal certainty that from the face of Plaintiff's Complaint, her damages exceed $75,000.  Defendants have not met their burden.

First, based on a reasonable reading of Plaintiff's Complaint, Defendants have failed to prove to a legal certainty

3

that Plaintiff's claims meet the amount in controversy requirement.  In her Complaint, Plaintiff claims that she suffered and will continue to suffer "great pain and anguish," loss of earnings from employment, and medical expenses caused by "severe, serious, and permanent injuries."  Defendant argues that from these claims, in addition to a medical report, which recommended an "active exercise program," "ice pack," and follow-up office visit in two months, and Plaintiff's PIP application, which reported that she injured the right side of her body from her neck to her knee and sustained left knee pain and a left forehead bruise, it is "clear" that the potential value of her claims exceeds $75,000.  Considering that estimations of the amounts recoverable must be realistic, and "not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts," Samuel-Bassett, 357 F.3d at 403, Plaintiff's claims, her medical report, her PIP form, and Defendants' subjective estimation of Plaintiff's claims are not sufficient to prove to a legal certainty that her claims exceed $75,000.  See Russ v. Unum Life Ins. Co., 442 F. Supp. 2d 193, 199 (D.N.J. 2006) (finding that the defendants did not present evidence or even allege that the plaintiff's claims will lead to a verdict over the jurisdictional amount); Kleiss v. Granite Run Mall, No. 06-374, 2006 WL 562203, *3 (E.D. Pa. March 06, 2006) ("The unsubstantiated numbers Defendants use to demonstrate that the jurisdictional threshold

is satisfied are too theoretical to sufficiently support their claim that the jurisdictional limit is met. . . . When determining if the jurisdictional minimum is satisfied, '[i]f this Court has to guess, defendant has not proved its point.'" (citations omitted)); Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557 (D.N.J. 2000) (holding that allegations of severe injuries requiring medical treatment, continuing pain, and loss of consortium were insufficient to establish preponderance likelihood of minimum damages).

Second, Defendants' argument that Plaintiff's settlement demand also supports their argument that the amount in controversy is met also fails.  Defendants relate that Plaintiff made a settlement demand of $65,000.  Defendants argue that this sum, in conjunction with other current and future damages, demonstrates that the amount in controversy requirement is met.  The settlement offer does just the opposite, however.  For example, in Kleiss v. Granite Run Mall, No. 06-374, 2006 WL 562203, *3 (E.D. Pa. March 06, 2006), the court followed 28 U.S.C. § 1446(b), which provides that a case not removable by an initial pleading may still be removed if a notice of removal is filed within thirty days after receipt by defendant "of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable," and considered as "other paper" a "case

5

management conference memorandum" that contained the plaintiff's settlement demand of $75,000. The court determined that the amount did not prove that the jurisdictional amount in controversy was met because it was not "in excess" of $75,000.

The court also rejected the defendants' argument that the plaintiff's demand for $75,000 supported a finding that she could recover more than $75,000. Id. at *3. The court explained,

> To the extent Plaintiff's Complaint left the value of her claims in doubt, the Case Management Conference Memorandum set the outer limit of the value of Plaintiff's claims. It defies common sense to suggest that Plaintiff's counsel made a demand of $75,000 knowing that the value of the claims exceed that amount. Making a settlement demand of $75,000 in the hopes that your client would receive more than $75,000 would be an unprecedented and awkward tactic of negotiating. Indeed, the Court would be shocked if, as suggested by Defendants' logic, Defendants rejected Plaintiff's demand of $75,000 and made an offer greater than that amount. Plaintiff's $75,000 demand does not show to a legal certainty that the amount in controversy exceeds the statutory minimum.

Id.; cf. Dovale v. Marketsource, Inc., No. 05-2872, 2006 WL 2385099, *2 (D.N.J. August 17, 2006) (the court holding that "since neither the Plaintiff's Initial Complaint or First Amended Complaint specified an amount of damages, it was proper to estimate the amount in controversy at $150,000 based on Plaintiff's prior demand to settle the case").

Here, Plaintiff's demand for $65,000 demonstrates that her damages are not in excess of $75,000. As it was expressed in

6

<u>Kleiss</u>, it would be questionable tactics for Plaintiff to demand $65,000 if she was seeking to recover more than that amount, and it would be very surprising if Defendants rejected Plaintiff's demand of $65,000 and made an offer greater than that amount. Thus, in addition to Defendants' inability to prove to a legal certainty that Plaintiff's claims meet the jurisdictional amount in controversy requirement, Plaintiff's settlement demand also confirms that her claims do not meet the requirement.

Accordingly, because the Court must strictly construe the removal provision against removal and resolve all doubts in favor of remand, Plaintiff's motion for remand must be granted. An appropriate Order will issue.


Dated: <u>December 4, 2006</u>              s/  Noel L. Hillman

At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.